**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. 16-CV-00619-WJ-KK
No. 13-CR-03214-WJ

MARCOS ANTONIO MORENO-ONTIVEROS,

Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Marcos Antonio Moreno-Ontiveros' Motion: Collateral Review Under *Johnson* & *Welch* With Affidavit Of Truth And Facts, Points And Authorities. "Successive Motion Under 28 U.S.C. § 2255" Request: Habeas Relief For Re-Sentence [CV Doc. 1; CR Doc. 26], filed on June 20, 2016. In his § 2255 motion, Defendant seeks sentencing relief in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). Because Defendant's sentence was not enhanced under the ACCA or the United States Sentencing Guidelines (U.S.S.G.) for a crime of violence, Defendant's § 2255 motion will be dismissed, a certificate of appealability will be denied, and judgment will be entered.

On October 1, 2013, Defendant was charged by Information with illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b). [CR Doc. 13] Defendant pleaded

guilty to the crime charged in the Information, without the benefit of a plea agreement.  [CR Doc. 17]

The Presentence Investigation Report (PSR) calculated Defendant's base offense level as 8, pursuant to U.S.S.G. § 2L1.2.  [PSR at 4]  *See* U.S.S.G. § 2L1.2 (noting that the base offense level for unlawfully entering or remaining in the United States is 8).  The PSR added a four-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(D), because Defendant previously had been deported after the conviction of a felony offense.  [PSR at 4]  Defendant received a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of 10.  [PSR at 4]  Based on a criminal history category of VI and a total offense level of 10, the guideline imprisonment range was 24 months to 30 months.  [PSR at 10]

On February 4, 2014, the Court adopted the findings in the PSR and sentenced Defendant to 30 months of imprisonment in the custody of the Bureau of Prisons, followed by 3 years of unsupervised release.  [CR Docs. 24, 25]  The Court rendered judgment on Defendant's conviction and sentence on February 7, 2014.  [CR Doc. 25]

On June 20, 2016, Defendant, proceeding *pro se*, filed the present § 2255 motion, which seeks sentencing relief pursuant to *Johnson*.  In *Johnson*, the United States Supreme Court considered whether the residual clause definition of a "violent felony" in the ACCA violates the due process clause of the United States Constitution.  In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years. *See* 18 U.S.C. § 924(a)(2).  "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."  *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).

The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added). The Court held that the residual clause of § 924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the United States Supreme Court held that *Johnson's* invalidation of the residual clause in § 924(e)(2)(B)(ii) applies retroactively to cases on collateral review.

In the present case, Defendant's sentence was not enhanced under the ACCA. Nonetheless, Defendant contends that his sentence unlawfully was enhanced under U.S.S.G. § 2L1.2. [CV Doc. 1] In *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held, on direct appeal, that the residual clause definition of a "crime of violence" in U.S.S.G. § 4B1.2, which is "virtually identical" to the residual clause definition of a "violent felony" in the ACCA, is void for vagueness in light of *Johnson* and cannot be used to justify a sentencing enhancement. *Id.* at 1210-11. Assuming, without deciding, that *Johnson* applies retroactively on collateral review to the U.S.S.G.,[1] the

[1]The United States Court of Appeals for the Tenth Circuit has not yet determined whether *Johnson* applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G. However, that question currently is pending before the United States Supreme Court in *Beckles v. United States*, No. 15-8544

Court concludes that Defendant is not entitled to relief under § 2255 because his sentence was not enhanced for a "crime of violence" under the U.S.S.G.  Although Defendant received a four-level enhancement under § 2L1.2(b)(1)(D) because he previously had been deported after the conviction of a felony, the definition of a "felony" in § 2L1.2 does not include the "residual clause" language that the United States Supreme Court found to be unconstitutional in *Johnson*.  *Compare* § 924(e)(2)(B)(ii) (defining a "violent felony," in relevant part as a crime punishable for a term exceeding one year that "*otherwise involves conduct that presents a serious potential risk of physical injury to another*") (emphasis added), *with* U.S.S.G. § 2L1.2, Application Note 2 (defining a "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year.").  Because it plainly appears that Defendant is not entitled to relief, his § 2255 motion will be dismissed with prejudice.

Furthermore, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion: Collateral Review Under *Johnson* & *Welch* With Affidavit Of Truth And Facts, Points And Authorities. "Successive Motion Under 28 U.S.C. § 2255" Request: Habeas Relief For Re-Sentence [CV Doc. 1; CR Doc. 26] is DISMISSED with prejudice;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED; and judgment will be entered.

---

(cert. granted June 27, 2016).

UNITED STATES DISTRICT COURT JUDGE